STATE, EX REL. EMIL F. LUCKEY, COUNTY ATTORNEY, APPELLEE, V. LAWRENCE G. WEBER, APPELLANT.

FILED NOVEMBER 17, 1932. No. 28565.

*McElfresh & Walker,* for appellant.

*Emil F. Luckey, contra.*

*August Wagner, amicus curiæ.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

An information in *quo warranto* was filed March 9, 1932, by the county attorney in and for Platte county, against Lawrence G. Weber, the respondent herein, to oust Weber from the office of road overseer of road district No. 18, in Oconee township. The action is based on the ground that Weber failed to take an oath or affirmation before some person authorized to administer oaths that he would faithfully perform the duties of road overseer, and that he failed to have a certificate of such oath or affirmation filed, as required under section 26-242, Comp. St. 1929. From an order of the court ousting him from office, Weber has appealed.

The record discloses that Weber was a qualified elector of road district No. 18, and that he had acted continuously since January, 1927, in the capacity of road overseer; that at the annual township meeting, held January 19, 1932, he was reelected road overseer by the qualified voters of the district; that on January 23, 1932, notice of his election was received by Weber from the township clerk; and that, on February 13, 1932, Weber filed his oath and bond with the county clerk, such instruments being approved February 18 by the county board. It is also disclosed that Weber was notified in a letter from the township board, dated February 10, that he had failed to qualify for the position of overseer and that the office had

therefore been declared vacant. And about two weeks before the trial, Weber's road equipment was taken from him by the sheriff.

Section 26-242, Comp. St. 1929, contains the following provision, namely: ·

"Every person chosen or appointed to the office of town clerk, assessor, town treasurer, or overseer of highways, before he enters upon the duties of his office, and within · ten days after he shall be notified of his election or appointment, shall take and subscribe before some authorized person an oath or affirmation to faithfully and impartially perform the duties of his office as prescribed by law, and shall cause a certificate of the same to be filed in the office of the town clerk."

And section 26-243, Comp. St. 1929, provides that if any person chosen or appointed to any of the town offices shall neglect to take or subscribe an oath, and cause a certificate thereof to be filed as required under section 26-242, such neglect shall be deemed a refusal to serve in the office in question.

It is the contention of respondent Weber that the legislature intended that township officers shall qualify and take office under the provisions of sections 12-101 to 12-121, inclusive, Comp. St. 1929, of the chapter entitled, "Bonds and Oaths, Official," which prescribe generally the procedure to be followed in giving bonds and the oaths thereunder. And Weber also contends that the legislature intended that, in the reelection of an incumbent to office, as in the present case, he shall qualify by taking oath and giving a bond in the manner so prescribed under the above chapter.

The oath and bond filed by Weber February 13, 1932, before the county clerk are in the record. The bond is contained on one page, at the bottom of which is an oath signed by Weber and by him subscribed in the presence of a notary public. It is Weber's contention that such oath and bond which he filed are a sufficient compliance with the law in the premises, and that it was not imperative

that he take an additional oath or affirmation, nor was it necessary that he have a certificate thereof filed with the town clerk, as provided under section 26-242, above cited. We do not agree with this contention. The provisions of section 26-242, Comp. St. 1929, that every person, before he enters upon the duties of his office, and within ten days after he shall have been notified of his appointment or election, shall take and subscribe before some person authorized thereunto an oath for the faithful performance of his office, and that he shall cause a certificate thereof to be filed with the town clerk, are mandatory and are applicable to the office of road overseer. And neglect to comply with the provisions of section 26-242 may be deemed a refusal to serve in the capacity of the office in question.

The respondent's compliance with the provisions of section 12-117, Comp. St. 1929, by the filing of his bond and the oath thereunder are not a sufficient compliance with the statute. We think the provisions of section 12-117 must be construed with those of section 26-242, and that, in addition to filing his oath and bond, it was imperative that the respondent should have taken an oath or affirmation to faithfully perform his duties, and that he should have caused a certificate of such oath or affirmation to be filed. By his failure to so qualify for the office, the township board was justified in deeming such neglect a refusal by the respondent to serve in the capacity of road overseer.

AFFIRMED.